UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
RANDY WILLIAMS,

                Petitioner,                02 CV 5882 (SJ)

      - against -                  MEMORANDUM
                                        AND ORDER

WILLIAM E. PHILLIPS, Superintendent,
                Respondent.
-----------------------------------------------------X

APPEARANCES:

RANDY WILLIAMS
DIN 98-A-4232
Five Points Correctional Facility
Caller Box 400
State Route 96
Romulus, New York 14541
Petitioner, *Pro Se*

DANIEL M. DONOVAN, JR., ESQ.
Richmond County District Attorney
130 Stuyvesant Place
Staten Island, NY 10301
By:    Karen F. McGee, Esq.
          Assistant District Attorney
Attorneys for Respondent

JOHNSON, Senior District Judge:

      Petitioner Randy Williams ("Petitioner"), appearing *pro se*, brings this application for a writ of habeas corpus, pursuant to 28 U.S.C § 2254, against William E. Phillips, Superintendent of Green Haven Correctional Facility ("Respondent"). Petitioner's motion was referred to Magistrate Judge Lois Bloom to prepare a Report and Recommendation ("Report"). On June 28, 2004, Judge Bloom issued her Report

P-049

recommending that this Court dismiss the Petitioner's motion for a writ of habeas corpus as barred by the time limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1986 ("AEDPA"). Petitioner has filed objections to the Report. Petitioner has not, however, offered any challenge to the Report which would persuade this court to reject Magistrate Judge Bloom's recommendation that the motion for a writ of habeas corpus be dismissed.

I.  **Standard of review for Report and Recommendation**

A district court judge may designate a magistrate judge to hear and determine any pre-trial matter pending before the district court. See 28 U.S.C § 636 (b)(1). A district judge may also designate the magistrate to conduct hearings and submit to the district court proposed findings of fact and recommendations as to the disposition of the motion. Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See Id. The district court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

2

## II. Magistrate Judge Bloom's Findings and Petitioner's Objections

Magistrate Judge Bloom laid out the facts and the procedural background of this case in her Report. Petitioner does not assert that his habeas petition was filed within the time limit established by AEDPA. Rather, he argues that the limitations period should be equitably tolled because his undiagnosed illness prevented him from filing his petition within the statute of limitations.

Magistrate Judge Bloom found that Petitioner's allegations of illness were insufficient to satisfy AEDPA's tolling provision, which permits the limitations period to be tolled where "extraordinary circumstances prevented [a petitioner] from filing his petition on time." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Judge Bloom found that Petitioner's allegations did not provide a basis for equitably tolling the statute of limitations because they were based on his own conclusions and not supported by evidence.

Petitioner does not present additional evidence in his objections. Rather, he challenges Judge Bloom's finding that the evidence he presented was insufficient. He acknowledges that several specialized tests, including M.R.I. and E.E.G. brain scans did not reveal evidence of illness. Yet he argues that the mere fact that these tests were conducted should be considered evidence that prison officials believed his illness to be serious. (Objections at 3.) He also argues that the refusal of prison doctors to conduct another diagnostic test, PET scanning, is evidence that his illness was improperly

3

diagnosed. He claims that this is a circumstance beyond his control, and that the lack of an official diagnosis should not prevent equitable tolling of the limitations period. (Objections at 5.)

Petitioner further asserts that this undiagnosed illness prevented him from filing his petition within the limitations period because the condition "deprived him of the use of vital intellectual functions needed in filing complicated court claims," and that "extensive mental stimulation would cause condition to exasberate [sic] to the point where he is in a semi-vegetative state . . . with intense and severe head pain." (Objections at 6.)

### III. Discussion

This Court has considered Magistrate Judge Bloom's findings and recommendations and Petitioner's objections and finds that Petitioner has not raised any challenges sufficient to convince this Court to reject the Magistrate's findings. In order to toll the Statute of Limitations, a petitioner would need to show "a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights." Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000); see also Simpson v. Greene, No. 03 Civ. 6323, 2003 WL 22999489, *3 (S.D.N.Y. Dec. 22, 2003) (recognizing mental illness as grounds for tolling AEDPA's statute of limitations but declining to toll where the petitioner's medical records provided

4

insufficient evidence of "insurmountable problems in [his] mental status").

Petitioner now asserts that he suffered from reduced mental function and pain that prevented him from filing his petition in a timely manner. Yet he offers no medical records that support these claims. The Court rejects Petitioner's claim that prison officials' decision to conduct medical tests, standing alone, is evidence of a disabling condition. Those tests did not discover any evidence of brain abnormalities, nor did prison doctors find any other evidence of a neurological condition or other diagnosed disability that would prevent Petitioner from asserting his legal rights.

Accordingly, the Court adopts Magistrate Judge Bloom's finding that Petitioner's allegations are insufficient to satisfy the extraordinary circumstances requirement for tolling the statute of limitations.

## IV. Conclusion

For the foregoing reasons, the Court finds Magistrate Judge Bloom's thorough discussion of both the factual and legal elements necessary to toll the statute of limitations to be without error. Petitioner fails to present any objections to her recommendations that would persuade this Court to reject the Report. Accordingly, the Report is adopted in its entirety. It is hereby ordered that the Petition for a writ of habeas corpus be dismissed as untimely. Because Petitioner has not made a substantial showing of the denial of any constitutional right, a certificate of appealability will not be issued.

P-049

28 U.S.C § 2253. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (reiterating the standard for issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c)). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

SO ORDERED.

Dated: April 29, 2005
      Brooklyn, New York

_____
Sterling Johnson, Jr.
Senior United States District Judge

6